THOMAS CROOKS, Respondent, v. S. F. HOFFMAN, Appellant.

In the Springfield Court of Appeals, May 12, 1924.

1. **MONEY PAID: Petition Held to State Cause of Action.** Petition which stated that at the special instance and request of defendant plaintiff had advanced money for a named purpose, and that he had not been repaid *held* to state a cause of action.

2. ———: **Contract not Conclusive That Plaintiff did not Look to Defendant.** Where plaintiff advanced money for purpose of incorporating a company, in which he and defendant were interested, and had not been repaid, the fact that a contract between the parties provided that money, realized from sale of treasury stock, should be used by corporation to reimburse both parties for money advanced by them, was not conclusive that plaintiff looked solely to corporation for refund of expenses advanced.

3. **TRIAL: Refusal of Instructions Covered by Ones Given not Error.** Where issues attempted to be raised by instructions were already covered by instructions given, there was no error in their refusal.

Appeal from Circuit Court of Newton County.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*M. R. Lively* for appellant.

No brief for respondent.

FARRINGTON, J.—A judgment was rendered against the defendant on a petition filed by plaintiff seeking to recover on the ground that he had advanced money for the defendant at his special instance and request, on the promise that it would be repaid. The petition is entitled, "An action for money paid to the use of defendant."

To begin, we may say that the appellant has failed to make an honest endeavor to abstract the evidence in this case and the appeal might ride off on the ground that such failure was in the face of our rules with reference to the abstracting of the evidence. We, however, will make a statement of the case and dispose of it without further reference to the rule.

The plaintiff's petition states that at the special instance and request of the defendant he paid two amounts of money, at different times, aggregating $337.50; that the same was paid for the purpose of defraying expenses of incorporating a company in which both were interested. The evidence on behalf of plaintiff clearly shows that by an understanding he had with the defendant he advanced money to the attorney for the purpose of incorporating the company and that he had not been repaid any of this amount. This states a cause of action and the evidence sustains a finding based thereon in plaintiff's favor.

The defense attempted to show that the agreement between the parties was that the plaintiff was to pay all of the expenses and that the defendant was to lend his influence and time in working on the organization of the company and disposition of stock, and it was understood between them that any repayment to plaintiff would come out of the corporate funds. A contract was entered into between the parties in which it appears that treasury stock, when sold, should be used by the company in defraying sales of stock and reimburse both plaintiff and defendant for money advanced by them. This in no wise is conclusive that the plaintiff could look solely to the corporation for a refund of these expenses advanced

by him, provided it was understood between himself and defendant that he would advance defendant's part of the incorporation expenses, and his evidence is to the effect that such was the agreement.

The authorities cited by appellant, holding that the submission of the issues in the instructions must follow the petition and evidence and that the evidence must sustain the allegation of the petition, are entirely inapplicable here because, as heretofore stated, the petition is good on its face, the evidence sustains it, and the instructions follow the petition and the evidence, both as to those given at the request of the plaintiff and those given at the request of the defendant. The issue was clearly one of fact, and the instructions as given presented the law to the jury so they could determine this issue of fact. The refused instructions were justified by the trial court, first on account of their form, and second because the issues attempted to be raised in them were already covered in other instructions. There is no ground for this appeal and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.